**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

PHILIP AND
GUADALUPE MEDINA
      Plaintiff,

v.

BUREAU OF COLLECTION RECOVERY, INC.
      Defendant.

---

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL
(Unlawful Debt Collection Practices)**

---

## COMPLAINT

COME NOW the Plaintiffs, PHILLIP and GUADALUPE MEDINA ("Plaintiffs"), by

and through their attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against

Defendant, BUREAU OF COLLECTION RECOVERY, INC., allege and affirmatively state as

follows:

## INTRODUCTION

1.      The United States Congress has found abundant evidence of the use of abusive,

deceptive, and unfair debt collection practices by many debt collectors, and has determined that

abusive debt collection practices contribute to the number of personal bankruptcies, to marital

instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  (15 U.S.C. 1692(a) – (e)).

2.     Plaintiffs, through Plaintiffs' attorneys, brings this action to challenge the actions of BUREAU OF COLLECTION RECOVERY, INC. (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3.     For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4.     Jurisdiction of this court arises pursuant to 28 U.S.C. 1337 and 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5.     Because Defendant conducts business in the state of Colorado, personal jurisdiction is established.

6.     Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

7.     Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8.      Plaintiffs are natural persons who reside in the City of Englewood, County of Arapahoe, State of Colorado and are obligated or allegedly obligated to pay a debt and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

9.      Plaintiffs are informed and believe, and thereon allege, that Defendant is a company with headquarters in the City of Eden Prairie, County of Hennepin, State of Minnesota.

10.      Plaintiffs are informed and believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.      On or about October 2007, Plaintiffs began receiving constant, excessive and harassing phone calls from Defendant in an attempt to collect upon a debt allegedly owed by Plaintiffs regarding a T-Mobile account.

12.      On or about January 17, 2008, Plaintiffs received a court-ordered "Discharge of Debtor" pursuant to Chapter 7 of the United States Bankruptcy Code.  (See Exhibit A).

13.      Plaintiffs included the amount due to T-mobile in their bankruptcy petition, thus relieving them of any legal obligation to pay said amount.

14.     From February 8, 2008 to March 1, 2008, Defendant placed a minimum of ten (10) calls to Plaintiffs seeking payment of the alleged debt owed.  (See Exhibit B).

15.     On or about February 28, 2008, Defendant's agent and employee, "Shawna", contacted Plaintiffs via telephone and sought collection of the alleged debt.  Shawna informed Plaintiffs that T-Mobile had a legal right to enforce its contact with Plaintiffs and that right authorized Shawna to make calls to Plaintiff seeking payment.

16.     On or about March 11, 2008, Defendant's agent and employee, "Mr. Mitchell" calling from the phone number (801) 663-7001, contacted Plaintiffs via telephone and sought collection of the alleged debt.  During this call, Mr. Mitchell informed Plaintiffs that they were "breaking federal law" by not paying the alleged debt and that Defendant "had lawyers" and would file suit against Plaintiffs if they did not pay.

17.     On or about March 24, 2008, Plaintiffs' attorneys, KROHN & MOSS, LTD., sent written notice to Defendant via facsimile and postal mail informing it that Plaintiffs had retained attorneys in regards to this matter and provided contact information for said attorneys. (See Exhibit C).

18.     From March 30, 2008 to April 25, 2008, Defendant placed calls and caused Plaintiffs' telephone to ring at least five (5) times seeking payment of the alleged debt.  (See Exhibit D).

19.     From May 8, 2008 to May 18, 2008, Defendant placed calls and caused Plaintiffs' telephone to ring at least six (6) times seeking payment of the alleged debt.  (See Exhibit E).

20.     As a result of Defendant's above alleged conduct, Plaintiff, Mrs. Medina has suffered from stress, anxiety and humiliation

21.     As a result of Defendant's above alleged conduct, Plaintiff, Mr. Medina has suffered from stress, anxiety, humiliation and aggravation of his mental and physical conditions, including but not limited to: panic attacks, trembling, suicidal thoughts, depression and sleeplessness.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

21.     Plaintiffs repeat, reallage and incorporate by reference all of the foregoing paragraphs.

22.     Defendant **violated the FDCPA**.  Defendant's violations include, but are not limited to the following:

a).     Defendant violated the FDCPA § 1692c(a)(2) when Defendant, through its agents and employees, continued to contact Plaintiffs via telephone regarding the alleged debt after receiving written notice that Plaintiffs had retained legal counsel.

b).     Defendant violated the FDCPA § 1692d(2) when Defendant, through its agents and employees, used profane, threatening and otherwise offensive language when addressing Plaintiffs, including but not limited to stating "you are breaking the law, deatbeat" and mocking Plaintiff, Mrs. Medina's, accented spoken english.

c).     Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents

and employees, placed calls and caused Plaintiff's telephone to ring continuously and repeatedly in an attempt to annoy and harass Plaintiff.

       d).     Defendant violated the FDCPA § 1692d(6) when Defendant, through its agents and employees, would place calls to Plaintiffs and immediately hang up upon Plaintiffs answering, thus failing to provide Plaintiffs with a meaningful disclosure of the caller's identity.

       e).     Defendant violated the FDCPA § 1692e(2)(A) when Defendant, through its agents and employees, falsely stated the legal status of the alleged debt by continuously informing Plaintiffs that they owed the debt when it had been discharged by a U.S. Bankruptcy Court.

       f). Defendant violated the FDCPA § 1692e(11) when Defendant, through its agents and employees, failed to inform Plaintiffs during each and every communication that Defendant is a debt collector and all information sought will be used for that purpose.

       g).     Defendant violated the FDCPA § 1692f(1) when Defendant, through its agents and employees, placed numerous calls to Plaintiffs seeking collection of an amount of money that has been discharged via bankruptcy and thus not authorized or permitted by law.

       h).     Defendant violated the FDCPA § 1692g(a) when Defendant, through its agents and employees, failed to provide Plaintiffs with a written notice within five (5) days of the initial communication informing Plaintiffs of the amount of debt and original creditor and of their right to dispute the debt.

23.     As a result of the above violations of the FDCPA, the Defendant is liable to

Plaintiffs for declaratory judgment that Defendant's conduct violated the Federal Act, and

Plaintiffs' actual damages, statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the

Defendant for the following:

24.     Declaratory judgment that the Defendant's conduct violated the FDCPA.

25.     Actual damages.

26.     Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

27.     Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

28.     Any other relief that this court deems to be just and proper.

Respectfully Submitted,

DATED:  May 30, 2008                    KROHN & MOSS, LTD.

By:

Nicholas J. Bontrager, Esq.
Krohn & Moss, Ltd.
5055 Wilshire Blvd., Ste. 300
Los Angeles, CA 90036
Ph: (323) 988-2400; Fx: (866) 802-0021
nbontrager@consumerlawcenter.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, PHILIP and GUADALUPE MEDINA, hereby

demand trial by jury in this action

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF COLORADO)

Plaintiff, Philip Medina, having been first duly sworn and upon oath, deposes and say as

follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Philip O. Medina

Philip Medina, Plaintiff

Subscribed and sworn to before me
this 13th day of May, 2008.

Frances J. Maes
Notary Public

FRANCES I. MAES
NOTARY PUBLIC
STATE OF COLORADO

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL                    8

My Commission Expires 07/24/2011

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF COLORADO)

      Plaintiff, Guadalupe Medina, having been first duly sworn and upon oath, deposes and

say as follows:

8.   I am a Plaintiff in this civil proceeding.
9.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10.   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
11.   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
13.   Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
14.   Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Guadalupe Medina*

Guadalupe Medina, Plaintiff

Subscribed and sworn to before me
this 13 th day of May, 2008.

*Frances I. Maes*
Notary Public

FRANCES I. MAES
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 07/24/2011

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL       9

# EXHIBIT A

Form B18_7 (Official Form 18 / COB Form 177)(12/07)

# United States Bankruptcy Court

## District of Colorado
### Case No. 06–19586–HRT
### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| Philip Orlando Medina | Guadalupe Medina |
| aka(s), if any will be listed on the last page. | aka(s), if any will be listed on the last page. |
| 2265 S Irving St | 2265 S Irving St |
| Denver, CO 80219–5425 | Denver, CO 80219–5425 |

Social Security No.:
   xxx–xx–7615                                        xxx–xx–0255

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>1/17/08</u>                              <u>s/ Howard R. Tallman</u>
                                           United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18_7 continued (12/07)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

## Aliases Page

**<u>Debtor aka(s):</u>**
No Aliases for Debtor

**<u>Joint Debtor aka(s):</u>**
No Aliases for Joint Debtor

# EXHIBIT B

```
View by: Received Calls        Dates: Jan 31 2008 to Mar 1 2008
Call Type      Duration      From          Date
```

| Call Type | Duration | From | | | Date |
|-----------|----------|------|---|---|------|
| Answered | 1:00 | Washington | DC | (952) 674-4771 | 03/01/2008 09:38 AM |
| Answered | 1:00 | 800 Service | Unknown | | 02/29/2008 04:52 PM |
| Answered | 6:00 | BCR | | (952) 674-4772 | 02/28/2008 03:17 PM |
| Answered | 1:00 | 800 Service | Unknown | | 02/26/2008 09:16 AM |
| Answered | 1:00 | BCR | | (952) 674-4772 | 02/24/2008 11:51 AM |
| Answered | 1:00 | BCR | | (952) 674-4770 | 02/23/2008 08:46 AM |
| Answered | 1:00 | BCR | | (952) 674-4772 | 02/20/2008 07:42 PM |
| Answered | 1:00 | 800 Service | Unknown | | 02/18/2008 07:57 PM |
| Answered | 1:00 | Washington | DC | (952) 674-4772 | 02/17/2008 08:01 PM |
| Answered | 2:00 | NCO FINANCL SYS | | (716) 636-1588 | 02/14/2008 05:10 PM |
| Answered | 1:00 | 800 Service | Unknown | | 02/14/2008 04:45 PM |
| Answered | 1:00 | Washington | DC | (952) 674-4770 | 02/13/2008 07:19 PM |
| Answered | 1:00 | 800 Service | Unknown | | 02/13/2008 12:22 PM |
| Answered | 1:00 | NCO FINANCL SYS | | (716) 636-1588 | 02/13/2008 09:34 AM |
| Answered | 1:00 | Washington | DC | (952) 674-4770 | 02/12/2008 05:41 PM |
| Answered | 1:00 | 800 Service | Unknown | | 02/12/2008 05:28 PM |
| Answered | 1:00 | Washington | DC | (952) 674-4770 | 02/10/2008 12:32 PM |
| Answered | 1:00 | Washington | DC | (952) 674-4772 | 02/08/2008 02:45 PM |

# EXHIBIT C

# Krohn & Moss, Ltd.

*(Arizona, California, Florida, Illinois, Indiana, Minnesota, Missouri, Nevada, Ohio, Wisconsin, Washington, DC)*

*5055 Wilshire Blvd Suite 300*
*Los Angeles, CA. 90036*
*www.krohnandmoss.com*

Writer's Direct Number
**(323) 988-2400 Ext. 222**
Writer's Direct Facsimile
**(866) 431-5575**
Writer's Direct E-Mail
**akrohn@consumerlawcenter.com**

*Writer licensed to practice*
*only in:*
*Illinois*
*Missouri*
*Wisconsin (inactive)*

March 24, 2008

*VIA FACSIMILE (952) 259-1133*
**Confirmed by US Mail**

Bureau of Collection Recovery Inc.
7575 Corporate Way
Eden Prairie, Minnesota 55344

Re:    *Philip O. Medina and Guadalupe Medina v. Bureau of  Collection Recovery Inc.*
         *Our File No.:  FD015C08PA*

To Whom It May Concern:

I am writing on behalf of Philip and Guadalupe Median to make formal demand for damages due to the following violations of the Fair Debt Collections Practices Act ("FDCPA") ("you" and "your" below refers to your company and all culpable personnel). Specifically you violated the FDCPA by:

1. Harassing my clients with an excessive number of calls despite their demands to stop calling;
2. Calling my clients on numerous occasions before 8 a.m. and after 9 p.m.;
3. Contacting my client at work after being told that his employer does not allow those types of calls;
4. Attempting to collect a debt that had been resolved and discharged in to bankruptcy leaving you no legal right to collect this debt;
5. Indicating to my clients that they were served with legal papers and signed for them when in fact my clients never received said papers;
6. Abusing my client's with threatening and misleading statements exemplified by the sentence, "You are breaking the law dead beat.";
7. Calling repeatedly with intent to annoy, abuse, and harass my clients.;
8. Failing to provide the notice required to validate the debt;
9. Failing to provide the entire warning required that, the debt collector is attempting to collect a debt and that any information obtained would be used for that purpose only, on numerous calls to my client.  See *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) (citing 15 U.S.C. §1692g).

The above is not intended to be a complete list of violations you have already committed but only the results of our initial investigation into this matter.  Please be advised that, if this matter should proceed to court, my clients would have the right to bring suit in federal court, you would be required to pay their attorneys fees, and you would be subject to an award for statutory and/or actual damages.  In addition, you are subject to possible emotional damages due to your violations.  *See* _Smith v. Law Office of Mitchell N. Kay_ *124 B.R. 182, 185 (1990)*

Our settlement demand is $15,500.00.  If you chose to ignore this letter, then we will have no choice but to pursue my client's claims in court.  Be advised that this is not an idle warning.  The Consumer Law Center has handled over 30,000 consumer cases, many of which have been filed in state and federal courts across the country since our firm's inception in 1995.  Please be advised that should such circumstances should arise, my demand shall be deemed withdrawn.

Sincerely,

Adam J. Krohn
Attorney at Law

AJK/adw

file:///G|/All%20Files-FDC/Open%20Files/Medina,%20Philip%20and%20...and%20Investigation/Fax%20Confirmation%20of%20Demand%20Letter.txt

Case 1:08-cv-01173-RPM-MJW   Document 1   Filed 06/03/08   USDC Colorado   Page 19 of 26

From: Fax.com Email to Fax [reports@fax.com]
Sent: Monday, March 24, 2008 8:54 AM
To: Kim, Julie
Subject: Fax Confirmation - OK

Your fax to an unknown recipient at fax number 9522591133 succeeded.

FSID: 52663302

Attempts made: 1
Pages delivered: 2
Minutes spent delivering this fax: 0.6
The baud rate was: 0000

The following are the attempts made and the results that occurred:
03/24/2008 - 08:53:37 - 0( Success )


Documents being delivered:
1   demand letter - Philip O  Medina and Guadalupe Medina.doc

# EXHIBIT D

Julie calls received within the last 30 days on my call history from
Comcast.  Hope this will help.
Phil


View by: Received Calls      Dates: Mar 27 2008 to Apr 26 2008
Call Type    Duration    From       Date
Answered     5:00 Cell Phone    CO    (720) 882-2229     04/25/2008 04:56
PM
Answered     1:00 Medina Sonia    (720) 385-9388     04/25/2008 12:30
PM
Answered     9:00 PRICE STEVEN S    (901) 590-3738     04/25/2008 11:57
AM
Answered     1:00 Unknown    (901) 590-3738    04/25/2008 11:53 AM
Answered     1:00 Unknown    (901) 590-3738    04/25/2008 11:53 AM
Answered     18:00      PRICE STEVEN S    (901) 590-3738     04/25/2008
11:35 AM
Answered     1:00 Private           04/25/2008 10:46 AM
Answered     5:00 Reese Robert    (720) 352-6818     04/25/2008 07:48
AM
Answered     28:00      DICKERHOFF RONA    (303) 275-9210     04/24/2008
09:01 PM
Answered     11:00      PRICE STEVEN S    (901) 590-3738     04/24/2008
02:49 PM
Answered     1:00 Unknown    (720) 352-6818    04/24/2008 02:35 PM
Answered     2:00 LITLTN ADVENTIS    (303) 730-8900     04/24/2008 02:31
PM
Answered     1:00 Private           04/24/2008 09:16 AM
Answered     1:00 Unknown    (720) 352-6818    04/23/2008 08:34 PM
Answered     1:00 Reese Robert    (720) 352-6818     04/23/2008 08:34
PM
Answered     2:00 Reese Robert    (720) 352-6818     04/23/2008 05:56
PM
Answered     1:00 Greiner J    (720) 333-6991    04/23/2008 03:02 PM
Answered     1:00 800 Service (303) 632-2031    04/23/2008 02:07 PM
Answered     1:00 Private           04/23/2008 11:52 AM
Answered     1:00 DENV CITY CNTY    (720) 865-1101     04/23/2008 10:49
AM
Answered     1:00 AACC   (707) 676-1830    04/23/2008 10:03 AM
Answered     4:00 Cell Phone    CO    (720) 882-2229     04/22/2008 02:46
PM
Answered     3:00 Medina Sonia    (720) 385-9388     04/22/2008 02:36
PM
Answered     26:00      Cell Phone    CO    (720) 882-2229     04/22/2008
02:03 PM
Answered     1:00 Duong Bich   (720) 277-5612    04/22/2008 01:51 PM
Answered     22:00      DICKERHOFF RONA    (303) 275-9210     04/21/2008
08:37 PM
Answered     1:00 CHILD DENTAL CT    (303) 984-9700     04/21/2008 01:11
PM
Answered     34:00      PRICE STEVEN S    (901) 590-3738     04/21/2008
07:42 AM
Answered     1:00 BCR   (952) 674-4772    04/20/2008 01:07 PM
Answered     2:00 Medina Sonia    (720) 385-9388     04/19/2008 09:30
PM
Answered     1:00 Reese Robert    (720) 352-6818     04/18/2008 03:45
PM

```
Answered      1:00 Reese Robert      (720) 352-6818    04/18/2008 03:21
PM
Answered      1:00 Reese Robert      (720) 352-6818    04/18/2008 03:03
PM
Answered      2:00 Reese Robert      (720) 352-6818    04/18/2008 12:52
PM
Answered      1:00 Denver      CO   (303) 308-2400    04/18/2008 12:42
PM
Answered      2:00 Englwd M   (303) 788-0782   04/18/2008 11:25 AM
Answered      3:00 Reese Robert      (720) 352-6818    04/18/2008 10:28
AM
Answered      1:00 Unknown    (303) 275-9210   04/17/2008 09:06 PM
Answered      1:00 Unknown    (303) 275-9210   04/17/2008 09:05 PM
Answered      2:00 Fairfax     VA   (703) 378-8323    04/17/2008 04:12
PM
Answered      16:00      Cell Phone   CO   (720) 882-2229    04/17/2008
03:13 PM
Answered      1:00 Reese Robert      (720) 352-6818    04/17/2008 07:04
AM
```
<mark>Answered      1:00 BCR    (952) 674-4772    04/16/2008 05:31 PM</mark>
```
Answered      1:00 Reese Robert      (720) 352-6818    04/16/2008 06:58
AM
Answered      1:00 Reese Robert      (720) 352-6818    04/15/2008 06:56
AM
Answered      4:00 Reese Robert      (720) 352-6818    04/14/2008 05:59
PM
Answered      9:00 PRICE STEVEN S    (901) 590-3738    04/14/2008 03:04
PM
Answered      1:00 AACC   (707) 676-1830   04/14/2008 09:11 AM
Answered      3:00 Medina Sonia      (720) 385-9388    04/13/2008 05:13
PM
Answered      1:00 Unknown    (720) 385-9388   04/13/2008 05:12 PM
Answered      1:00 Unknown    (720) 385-9388   04/13/2008 05:12 PM
Answered      3:00 Medina Sonia      (720) 385-9388    04/13/2008 05:09
PM
```
<mark>Answered      1:00 BCR    (952) 674-4770    04/12/2008 10:52 AM</mark>
```
Answered      51:00      DICKERHOFF RONA   (303) 275-9210    04/11/2008
08:07 PM
Answered      5:00 DICKERHOFF RONA    (303) 275-9210    04/11/2008 08:02
PM
Missed             DICKERHOFF RONA    (303) 275-9210    04/11/2008 07:45
PM
Answered      1:00 Unknown    (720) 385-9388   04/11/2008 01:51 PM
Answered      1:00 GSA FTS    (720) 283-2543   04/11/2008 01:51 PM
Answered      1:00 Medina Sonia      (720) 385-9388    04/11/2008 12:10
PM
Answered      2:00 Reese Robert      (720) 352-6818    04/11/2008 07:33
AM
Answered      5:00 Price Estrella    (720) 496-6864    04/11/2008 07:19
AM
Answered      23:00      Price Estrella    (720) 496-6864    04/10/2008
02:12 PM
Answered      1:00 800 Service (603) 766-0521   04/10/2008 09:58 AM
Answered      42:00      DICKERHOFF RONA   (303) 275-9210    04/09/2008
08:39 PM
Answered      7:00 DICKERHOFF RONA    (303) 275-9210    04/09/2008 08:10
PM
```

```
Answered     10:00      DICKERHOFF RONA    (303) 275-9210    04/09/2008
07:51 PM
Answered     1:00 CHILD DENTAL CT    (303) 984-9700    04/09/2008 05:04
PM
Answered     4:00 PRICE STEVEN S     (901) 590-3738    04/09/2008 08:12
AM
Answered     4:00 Reese Robert       (720) 352-6818    04/09/2008 07:03
AM
Answered     25:00      DICKERHOFF RONA    (303) 275-9210    04/08/2008
08:08 PM
Answered     4:00 DICKERHOFF RONA    (303) 275-9210    04/08/2008 07:34
PM
Answered     1:00 800 Service (800) 448-9570    04/08/2008 02:29 PM
Answered     9:00 Cell Phone    CO    (720) 882-2229    04/08/2008 01:12
PM
Answered     9:00 Reese Robert       (720) 352-6818    04/07/2008 08:04
PM
Answered     3:00 Dickerhoff Rona    (303) 275-9210    04/07/2008 08:01
PM
Answered     5:00 Dickerhoff Rona    (303) 275-9210    04/07/2008 07:40
PM
Answered     7:00 Dickerhoff Rona    (303) 275-9210    04/07/2008 07:32
PM
Answered     4:00 Reese Robert       (720) 352-6818    04/07/2008 05:58
PM
Answered     1:00 Price Steven       (901) 590-3738    04/07/2008 12:00
PM
Answered     10:00      Price Estrella     (720) 496-6864    04/07/2008
10:45 AM
Answered     6:00 Reese Robert       (720) 352-6818    04/07/2008 10:12
AM
Answered     1:00 Reese Robert       (720) 352-6818    04/06/2008 08:10
PM
Answered     2:00 Medina Sonia       (720) 385-9388    04/06/2008 07:58
PM
Answered     1:00 Medina Sonia       (720) 385-9388    04/06/2008 05:59
PM
Answered     13:00      Price Steven       (901) 590-3738    04/06/2008
09:18 AM
Answered     1:00 BCR     (952) 674-4772     04/06/2008 08:57 AM
Answered     20:00      Dickerhoff Rona    (303) 275-9210    04/04/2008
08:32 PM
Answered     4:00 Reese Robert       (720) 352-6818    04/04/2008 06:08
PM
Answered     2:00 Medina Sonia       (720) 385-9388    04/04/2008 11:22
AM
Answered     6:00 Price Estrella     (720) 496-6864    04/04/2008 07:20
AM
Answered     1:00 Unknown    (303) 275-9210    04/03/2008 08:51 PM
Answered     1:00 Unknown    (303) 275-9210    04/03/2008 08:50 PM
Answered     49:00      Dickerhoff Rona    (303) 275-9210    04/03/2008
08:02 PM
Answered     1:00 800 Service (877) 344-5975    04/03/2008 06:53 PM
Answered     1:00 Reese Robert       (720) 352-6818    04/03/2008 03:01
PM
Answered     4:00 Medina Sonia       (720) 385-9388    04/03/2008 11:47
AM
```

```
Answered     11:00      Reese Robert      (720) 352-6818    04/03/2008
10:04 AM
Answered     1:00 LITLTN CITY GOV   (303) 703-2780    04/03/2008 09:22
AM
Answered     1:00 Denver       CO   (303) 308-2400    04/03/2008 08:45
AM
Answered     1:00 Denver       CO   (303) 308-2400    04/03/2008 08:39
AM
Answered     3:00 Reese Robert      (720) 352-6818    04/03/2008 07:53
AM
Answered     1:00 Medina Sonia      (720) 385-9388    04/03/2008 07:46
AM
Answered     1:00 Reese Robert      (720) 352-6818    04/03/2008 07:01
AM
Answered     8:00 Price Steven      (901) 590-3738    04/02/2008 04:19
PM
Answered     1:00 ACA    (303) 989-0550    04/02/2008 02:22 PM
Answered     4:00 Reese Robert      (720) 352-6818    04/02/2008 12:36
PM
Answered     1:00 Unknown     (303) 275-9210    04/01/2008 09:01 PM
Answered     0:00 Dickerhoff Rona   (303) 275-9210    04/01/2008 09:01
PM
Answered     1:00 Reese Robert      (720) 352-6818    04/01/2008 03:26
PM
Answered     1:00 CHASE RECEIVABL   (707) 940-3000    04/01/2008 06:34
AM
Answered     1:00 Dickerhoff Rona   (303) 275-9210    03/31/2008 09:13
PM
Missed            Dickerhoff Rona   (303) 275-9210    03/31/2008 08:00
PM
Missed            Dickerhoff Rona   (303) 275-9210    03/31/2008 07:57
PM
Missed            Dickerhoff Rona   (303) 275-9210    03/31/2008 07:52
PM
Answered     39:00      Lopez Maria A    (915) 881-4278    03/31/2008
07:24 PM
Answered     3:00 Medina Sonia      (720) 385-9388    03/31/2008 03:40
PM
Answered     18:00      Price Steven      (901) 590-3738    03/31/2008
01:08 PM
Answered     14:00      Reese Robert      (720) 352-6818    03/31/2008
12:53 PM
Answered     1:00 LITLTN CITY GOV   (303) 703-2780    03/31/2008 12:21
PM
Answered     1:00 AMER VOICE MAIL   (972) 497-1400    03/31/2008 10:37
AM
Answered     1:00 DISABLED AMER V   (303) 232-0368    03/31/2008 08:08
AM
Answered     1:00 Reese Robert      (720) 352-6818    03/31/2008 07:06
AM
Answered     40:00      Dickerhoff Rona   (303) 275-9210    03/30/2008
08:31 PM
Answered     1:00 BCR   (952) 674-4772    03/30/2008 11:34 AM
Answered     2:00 Medina Sonia      (720) 385-9388    03/29/2008 03:56
PM
Answered     1:00 Medina Sonia      (720) 385-9388    03/29/2008 03:11
PM
```

# EXHIBIT E

Call history Thursday May 8, 2008 from BCR

```
View by: Received Calls        Dates: Apr 8 2008 to May 8 2008
Call Type      Duration    From          Date
Answered       1:00 BCR    (952) 674-4770    05/08/2008 10:51 AM


Call Type      Duration    From          Date
Answered       1:00 BCR    (952) 674-4770    05/09/2008 09:38 AM


View by: Received Calls        Dates: Apr 11 2008 to May 11 2008
Call Type      Duration    From          Date
Answered       1:00 BCR    (952) 674-4772    05/11/2008 01:01 PM


View by: Received Calls        Dates: Apr 12 2008 to May 12 2008
Call Type      Duration    From          Date

Answered       1:00 Private            05/12/2008 10:31 AM
(This call showed up as shown above. When I answered it, identified it
self as BCR and left a number I was unable to write it down had no
pencil)



View by: Received Calls        Dates: Apr 13 2008 to May 13 2008
Call Type      Duration    From          Date
Answered       1:00 MARKETING    (952) 674-4771    05/13/2008 12:29 PM
Identified it self as BCR left recording stated to call them and gave
phone number


View by: Received Calls        Dates: Apr 13 2008 to May 18 2008
Call Type      Duration    From          Date
Answered       1:00 Private            05/18/2008 05:03 PM
This call showed up as shown above. When I answered it, It was
automated. It identified it self as BCR and left a number from many
numbers BCR uses for one to contact them
```